ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of --                                )
                                            )
█████████████████████████████              )    ASBCA No. 60315
                                            )
Under Contract No. HTC711-14-D-R033         )

APPEARANCE FOR THE APPELLANT:          █████████████████████████
                                       President

APPEARANCES FOR THE GOVERNMENT:        Jeffrey P. Hildebrant, Esq.
                                         Air Force Deputy Chief Trial Attorney
                                       Lt Col Mark E. Allen, USAF
                                       Jason R. Smith, Esq.
                                       Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE D'ALESSANDRIS ON APPELLANT'S MOTION FOR RECONSIDERATION

Appellant █████████████████████████████ (█████) has timely filed a motion for reconsideration of our 21 November 2016 decision granting the government's motion for summary judgment and denying this appeal. ████████████████████ ██████, ASBCA No. 60315, 16-1 BCA ¶ 36,569. Familiarity with our decision is presumed.

In deciding a motion for reconsideration, we examine whether the motion is based upon newly discovered evidence, mistakes in our findings of fact, or errors of law. *Zulco International, Inc.*, ASBCA No. 55441, 08-1 BCA ¶ 33,799 at 167,319. A motion for reconsideration does not provide the moving party the opportunity to reargue its position or to advance arguments that properly should have been presented in an earlier proceeding. *See Dixon v. Shinseki*, 741 F.3d 1367, 1378 (Fed. Cir. 2014). We do not grant motions for reconsideration absent a compelling reason. *J.F. Taylor, Inc.*, ASBCA Nos. 56105, 56322, 12-2 BCA ¶ 35,125 at 172,453.

█████ argues in its motion for reconsideration that the government breached the contract by violating FAR 52.233-3, PROTEST AFTER AWARD (AUG 1996) for failing to cancel the stop-work order or terminating the contract for convenience after the post-award protest period (app. mot. at 1, 8). In our decision, we addressed this same argument and stated that "the suspension of work and termination for convenience clauses provide no relief when no work was ordered under an [indefinite-delivery, indefinite-quantity] contract and the contractor has been paid the minimum contract value." ████████████████████████, 16-1 BCA ¶ 36,569 at 178,109.

███, in its reply, acknowledges that part of our decision cited above, but argues that the government should still pay costs which it incurred after the suspension of work was allegedly lifted (app. reply br. at 7). However, all of the costs incurred were considered in our decision and found to be generated by tasks which ███ was already expected to do under the terms of the contract. ████████████████, 16-1 BCA ¶ 36,569 at 178,110-11.

We conclude ███ has not shown any compelling reason to modify our original decision, as ███ merely reargues its original position relying on the same facts.

## CONCLUSION

For the reasons stated above, ███'s motion for reconsideration is denied.

Dated: 15 March 2017

DAVID D'ALESSANDRIS
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

2

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60315, Appeal of ████ ███████████████████, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
